975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald J. LAUGHLIN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5059.
 United States Court of Appeals, Federal Circuit.
 July 17, 1992.
 
 Before ARCHER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and LOURIE, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 Donald J. Laughlin (Laughlin) appeals the United States Claims Court's judgment in favor of the United States (Government) in an action seeking to recover for an alleged temporary taking of his entire farm from 1983 to 1987, and a permanent taking of the western half of his property. We affirm.
 
 Background[1]
 
 2
 The United States has established a series of dams and reservoirs along the Colorado River. The stated purposes of the system include flood control, river regulation, irrigation, and the generation of power. From 1983 to 1987 the Colorado River sustained five years of record high inflow. In order to accommodate the water into the system during this period, the Government was forced to release large amounts of water into the Colorado River. High river flows ensued and groundwater conditions were elevated on Laughlin's property. The size and elevation of Topock Marsh was affected as well.
 
 
 3
 Laughlin's property is in the Mohave Valley and consists of 320 acres. The land is located approximately one mile east of the Colorado River and five miles northwest of Topock Marsh. Laughlin purchased the land in 1978 to grow feed crops for his cattle. The land yielded successful crops in 1981 and 1982. During late 1983, crops on the western side of the property began to fail. In 1984, the eastern half experienced similar difficulty, but gradually improved until the break-even year of 1990. The western half of Laughlin's land, however, has apparently remained unproductive.
 
 
 4
 On 8 September 1988, Laughlin filed a complaint against the United States for inverse condemnation. Laughlin claimed that his land was taken without just compensation when high groundwater invaded the root zone of his crops and thereby rendered the land unsuitable for farming. He claimed that the cause of the elevated groundwater was the Government's system of dams and reservoirs on the Colorado River, and expansion of Topock Marsh, either independently or together.
 
 
 5
 The Government denied liability, citing the record inflows during the period of 1983 to 1987 as the cause of Laughlin's harm. The Claims Court, in its opinion filed 27 November 1990, found that Laughlin had failed to show that the damages suffered were due to actions of the Government and entered judgment in favor of the United States.
 
 Issues
 
 6
 The issues on appeal are whether the Claims Court committed clear error in holding that Laughlin had failed to show that activities of the United States on the Colorado River or Topock Marsh, or both, were the natural and proximate cause of damage to his property, and in determining that benefits to Laughlin's property, attributable to the construction and operation of the various improvements to the Colorado River, outweighed any detriment caused by the increase in groundwater elevation.
 
 Causation
 
 7
 The Claims Court's holding on the issue of causation is a question of fact.[2] Findings of facts by the United States Claims Court are subject to the "clearly erroneous" standard of review by the United States Court of Appeals for the Federal Circuit.[3] The Supreme Court has stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[4]
 
 
 8
 Laughlin has expressed a great deal of disagreement with the United States over the Claims Court's characterization and treatment of the evidence, and he urges this court to conduct an independent review of the evidence. However, this court's function when reviewing a Claims Court finding of fact is limited to a review for clear error. If the record reveals no clear error, then the holding of the Claims Court must be affirmed.
 
 
 9
 The Claims Court found that Laughlin had failed to establish the necessary causal link between the Government's activities on the Colorado River and Topock Marsh and the damage to Laughlin's land. The Claims Court instead found that the record high inflows of 1983 to 1987 caused the damage to Laughlin's land. The court made its decision and findings based on facts stipulated by the parties prior to trial, as well as testimony of both expert and lay witnesses. A thorough review of the Claims Court's holdings and findings, and of the record as a whole does not support a determination that a clear error has been made. The disposition of the Claims Court must stand.
 
 Conclusion
 
 10
 The Claims Court found that Laughlin failed to establish causation in his claim for just compensation under the Fifth Amendment of the United States Constitution. Despite Laughlin's arguments, this court finds no clear error in the findings of the Claims Court. Since we conclude that the decision of the Claims Court on the issue of causation is correct, we do not reach the issue of relative benefits.
 
 
 
 [1]
 A comprehensive account of the lengthy facts in this case may be found by reference to the opinion of the Claims Court. See Laughlin v. United States, 22 Cl.Ct. 85 (1990)
 
 
 [2]
 Loesch v. United States, 645 F.2d 905, 913 (Ct.Cl.1981)
 
 
 [3]
 Heisig v. United States, 719 F.2d 1153, 1157-58 (Fed.Cir.1983)
 
 
 [4]
 United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)